**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 28, 2012

LETTER TO COUNSEL:

    RE:    *Raymond Muhl v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-967

Dear Counsel:

    On April 13, 2011, the Plaintiff, Raymond Muhl, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 26). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Muhl filed his claim for benefits on November 2, 2007, alleging disability beginning on July 10, 2006. (Tr. 98). His claim was denied initially on January 16, 2008, and on reconsideration on July 23, 2008. (Tr. 53-61). A hearing was held on September 15, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 19-45). Following the hearing, on September 29, 2009, the ALJ determined that Mr. Muhl was not disabled during the relevant time frame. (Tr. 9-18). The Appeals Council denied Mr. Muhl's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Muhl suffered from the severe impairment of "status post lumbar decompression and fusion." (Tr. 14). Despite this impairment, the ALJ determined that Mr. Muhl retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only lift 20 pounds frequently and 10 pounds occasionally." (Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Muhl could perform his past relevant work as a dispatcher, and that he was therefore not disabled during the relevant time frame. (Tr. 17).

    Although not directly responsive to any of Mr. Muhl's arguments, the Commissioner correctly cites an independent basis for denying benefits in this case. Even had the ALJ erred in

his substantive analysis, the Commissioner would be within his rights to deny benefits to Mr. Muhl because he failed to attend two scheduled consultative examinations. The regulations clearly establish that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you . . . we may find that you are not disabled." 20 C.F.R. §§ 404.1518, 416.918. The ALJ noted Mr. Muhl's failure to attend the examinations, (Tr. 14), but did not cite that failure as a reason for the denying benefits to Mr. Muhl. Although the sufficiency of the ALJ's substantive reasoning is addressed below, any error committed by the ALJ would be harmless, because the failure to attend two consultative examinations constitutes an additional valid reason to uphold the Commissioner's denial of Mr. Muhl's claim.

Mr. Muhl presents five separate arguments on appeal. First, he contends that the ALJ failed to explain the weight accorded to the consultative examiner, Dr. Colley. Second, he argues that the ALJ should have included a sit/stand limitation in his hypothetical to the vocational examiner ("VE"). Third, he argues that the ALJ did not provide adequate support for his credibility finding. Fourth, he contends that the ALJ made insufficient findings regarding the mental and physical demands of his past relevant work as a dispatcher. Fifth, he argues that the ALJ failed to engage in a "function-by-function assessment" of his abilities. Each argument lacks merit.

In support of his first argument, Mr. Muhl contends that the ALJ failed to assign weight to the opinion of his consultative examiner, Dr. Colley. It is clear that the ALJ considered and evaluated Dr. Colley's report. (Tr. 16). Labeling the measure of weight afforded to Dr. Colley's report would not provide any additional information regarding the ALJ's evaluation of Mr. Muhl's claim. Because the facts supporting his evaluation are already clear from the ALJ's opinion, the failure to assign particular weight to Dr. Colley's opinion provides an inadequate basis for remand.

Mr. Muhl's second argument is that the ALJ should have included a sit/stand option in his hypothetical question to the VE. Mr. Muhl relies on Dr. Colley's report, which states that Mr. Muhl "would also benefit from a vocational rehab program to assist him with finding occupations that allows [sic] him to alternate with sit and stand." (Tr. 207). However, Dr. Colley did not expressly state that Mr. Muhl could only work jobs that have a sit/stand option. A sit/stand limitation was not imposed by the state agency physician, and a sit/stand limitation was not part of the ALJ's RFC. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). Because the ALJ did not find that Mr. Muhl required a sit/stand option, and because his RFC was based on substantial evidence, he did not have to include a sit/stand option in his hypothetical to the VE.

Third, Mr. Muhl submits that the ALJ did not properly assess his credibility. In fact, however, the ALJ properly applied both prongs of the credibility test set forth in SSR 96-7p.

*Raymond Muhl v. Commissioner, Social Security Administration*
Civil No. SAG-11-967
November 28, 2012
Page 3


First, he found that Mr. Muhl's medically determinable impairment could reasonably be expected to cause the alleged symptoms. (Tr. 16). The ALJ then evaluated the intensity and persistence of Mr. Muhl's symptoms. Although the ALJ's analysis on that point could have been more detailed, prior to the paragraph in which he reviewed the SSR 96-7p factors, the ALJ provided a detailed summary of the claimant's testimony and the medical evidence of record. (Tr. 15-16). In concluding that the claimant's statements regarding intensity, persistence, and limiting effects were not credible to the extent they are inconsistent with the RFC, the ALJ cited the evidence of record he had already reviewed in detail. His opinion is therefore sufficient to explain the substantial evidence on which he relied.

Fourth, Mr. Muhl suggests that the ALJ provided an insufficient analysis of his ability to perform the requirements of his past relevant work. In support of his argument, Mr. Muhl cites *Parsons v. Apfel*, 101 F. Supp. 2d 357, 362 (D. Md. 2000), a case in which the Court found that the ALJ had provided an insufficient discussion of the claimant's ability to do his past relevant work as a "consultant." The *Parsons* case, however, is factually distinguishable. In *Parsons*, the claimant had been working as a salesman, which involved heavy lifting that he could no longer perform. *Id.* After he became disabled, the claimant's employer and clients permitted him, for a short time, to perform the salesman's duties without the accompanying lifting, and they titled his new position "consultant." *Id.* The VE testified that work as a "consultant," as defined in the Dictionary of Occupational Titles ("DOT") did not exceed the claimant's RFC for light work. The Court contested whether the VE's testimony regarding the past relevant work was appropriate, stating, "Given Mr. Parsons' uncontradicted testimony that the so-called 'consultant' job involved little more than completing paperwork for sales made to his existing base of customers, the Court is unconvinced that 'consultant' is an apt title for this job for purposes of relying on the DOT." *Id.* at 362. For that reason, the Court remanded for further analysis of Mr. Parsons's ability to perform his past relevant work.

Mr. Muhl's situation is far more straightforward. Nothing suggests that Mr. Muhl's past relevant work as a dispatcher deviated from the duties traditionally associated with a dispatcher position. Therefore, the VE's reliance on the DOT to determine that a dispatcher job is "borderline between unskilled and semi-skilled, sedentary work" was appropriate. (Tr. 39). In addition, the ALJ questioned the VE about the particular demands of Mr. Muhl's work as a dispatcher (Tr. 40-41). The ALJ's inquiry and analysis therefore sufficed to provide substantial evidence supporting his determination that Mr. Muhl could perform his past relevant work as a dispatcher.

Mr. Muhl's final argument is that the ALJ failed to complete a "function-by-function" assessment in his RFC, because, Mr. Muhl posits, "the only function that he assessed was lifting 10 pounds frequently and 20 pounds occasionally." Pl's Mot. 14. However, the lifting restriction was not the only function considered by the ALJ. It was simply the only limitation, narrowing the realm of light work, that the ALJ imposed. From the ALJ's extensive discussion of the medical evidence within his RFC analysis, much of which focused on Mr. Muhl's functional abilities, it is clear that he performed an adequate function-by-function assessment.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 26) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge